UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ANTHONY,<br><br>              Plaintiff,<br><br>v.<br><br>TERRIE E. ROBERTS & LAURA MILLER,<br><br>              Defendants. | Case No.:  3:25-cv-2486-CAB-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTIONS TO DISMISS & STRIKE;**<br><br>**(2)  DENYING MOTIONS FOR LEAVE & FOR EXTENSION**<br><br>**[Doc. Nos. 5, 7, 8, 11]** |

On September 22, 2025, Plaintiff Marian Anthony filed a complaint against Defendants Terrie Roberts and Laura Miller, alleging Section 1983 claims. [Doc. No. 1.] Defendants filed a motion to dismiss and a motion to strike portions of the complaint. [Doc. Nos. 7, 8.] Plaintiff filed a motion for leave to file a supplemental complaint and a motion for an extension of time to respond to an order to show cause. [Doc. Nos. 5, 11.] For the reasons below, the Court **GRANTS** the motions to dismiss and strike, and **DENIES** Plaintiff's motions for leave and for an extension.

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    BACKGROUND

The Court recently dismissed a similar action Plaintiff filed, which stemmed from a child custody proceeding in state court.  *Anthony v. Sanchez*, No. 3:25-cv-1548-CAB-AHG, 2025 WL 3208846 (S.D. Cal. Nov. 17, 2025).  Plaintiff is the petitioner in a family dissolution matter pending in Superior Court, entitled *Marian Anthony v. Corina Galvez*, Case No. 19FL005322N.  [Doc. No. 7-1 at 8.]  Defendants Roberts and Miller are Judges of the Superior Court of California.  [*Id.* at 7.]  Plaintiff alleges various issues regarding how the Judges have conducted hearings, including overruling Plaintiff's objections, refusing to consider certain arguments, and requiring Plaintiff take an oath before testifying/presenting arguments.  [Doc. No. 1 at 4–6.]  Plaintiff seeks damages, an injunction requiring Defendants to recuse, and a declaration that Defendants violated his First, Fifth, and Fourteenth Amendment rights and the Contract Clause.  [*Id.* at 9.]

## II.    LEGAL STANDARD

Fed. R. Civ. P. 12(b)(1) permits a party to move to dismiss based on the court's lack of subject-matter jurisdiction.  The federal court is one of limited jurisdiction.  *See Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986).  The party asserting jurisdiction, here Plaintiff, has the burden of establishing that the court has subject-matter jurisdiction.  *Ass'n. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000).  As such, the Court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction.  *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 95 (1998).  A defense of lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."  *United States v. Cotton*, 535 U.S. 625, 630 (2002).

Fed. R. Civ. P. 12(b)(6) permits a party to move to dismiss based on a "failure to state a claim upon which relief can be granted."  The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does]

1  demand[] . . . more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

2  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

3  544, 555 (2007)).

4       "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

5  accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*  (quoting

6  *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible

7  when the collective facts pleaded "allow[] the court to draw the reasonable inference that

8  the defendant is liable for the misconduct alleged."  *Id.* at 678 (quoting *Twombly*, 550 U.S.

9  at 556).   There must be "more than a sheer possibility that a defendant has acted

10  unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Facts "merely consistent with a

11  defendant's liability" fall short of a plausible entitlement to relief.  *Id.* (internal quotation

12  marks omitted).  The Court need not accept as true "legal conclusions" contained in the

13  complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of

14  fact, or unreasonable inferences."  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998

15  (9th Cir. 2010).  The Court accepts as true all allegations in the complaint and construes

16  the allegations in the light most favorable to the nonmoving party, here Plaintiff.  *See*

17  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  Moreover, as Plaintiff proceeds

18  pro se, the Court construes his complaint liberally.  *See Hebbe v. Pliler*, 627 F.3d 338, 342

19  (9th Cir. 2010).

20       **III.    DISCUSSION**

21         **A.    Motion to Dismiss; Motion for an Extension of Time**

22       Defendants argue that they are immune from liability, and that Plaintiff's claims are

23  conclusory and barred, *inter alia*, by *Rooker-Feldman*.  The Court agrees.

24       "Judges . . . are absolutely immune from damage liability for acts performed in their

25  official capacities."  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  "This

26  absolute immunity insulates judges from charges of erroneous acts or irregular action, even

27  when it is alleged that such action was driven by malicious or corrupt motives, or when the

28  exercise of judicial authority is flawed by the commission of grave procedural errors."  *In*

1    *re Castillo*, 297 F.3d 940, 947 (9th Cir. 2022) (internal citation and quotation marks

2    omitted).  Despite suing Defendants in their individual capacity, Plaintiff seeks damages

3    for actions Defendants took in their official capacities as judges.  [Doc. No. 1 at 4–6.]

4    Accordingly, the Court finds Defendants are immune to any damages liability.

5         Plaintiff also seeks an injunction requiring Defendants to recuse themselves from his

6    case.  [Doc. No. 1 at 9.]  "[T]he *Rooker-Feldman* doctrine bars direct federal district court

7    appellate review of state court judicial proceedings."  *S. California Edison Co. v. Lynch*,

8    307 F.3d 794, 804 (9th Cir. 2002).  "If claims raised in the federal court action are

9    inextricably intertwined with the state court's decision such that the adjudication of the

10   federal claims would undercut the state ruling . . . then the federal complaint must be

11   dismissed for lack of subject matter jurisdiction."  *Bianchi v. Rylaarsdam*, 334 F.3d 895,

12   898 (9th Cir. 2003).  Additionally, "the Court does not have the authority to order the

13   disqualification of a judge in a state court proceeding."  *Alexander v. Bonta*, No. ED CV

14   25-447-DMG-DTB, 2025 WL 1717657, at *1 n.1 (C.D. Cal. Apr. 15, 2025).  Finally,

15   regarding Plaintiff's sought declaratory relief, the Ninth Circuit has instructed "federal

16   courts [to] refrain from exercising jurisdiction in actions for declaratory relief because

17   declaratory relief has the same practical impact as injunctive relief on a pending state

18   proceeding[.]"  *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (en banc).

19        Accordingly, the Court **GRANTS with prejudice** the motion to dismiss.  It is clear

20   to the Court that Plaintiff seeks to have a federal district court improperly interfere with an

21   ongoing state proceeding.  Accordingly, leave to amend is unwarranted.  *See Karim-Panahi*

22   *v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("A pro se litigant must be

23   given leave to amend his or her complaint unless it is absolutely clear that the deficiencies

24   of the complaint could not be cured by amendment.").  As the complaint is dismissed with

25

26

27

28

3:25-cv-2486-CAB-AHG

1  prejudice, the Court **DENIES as moot** the motion for an extension to respond to the order

2  to show cause.[1]

3          **B.**      **Motion to Strike**

4        Defendants seek to strike Exhibits 1, 3, and 4, from Plaintiff's complaint.  Plaintiff

5  states that the exhibits are transcripts from the hearings he takes issue with.  [Doc. No. 1-2

6  at 2.]  Defendants argue that Plaintiff's exhibits are not certified copies of the official

7  transcripts nor created by an official court reporter or reporter pro tempore.  [*See* Doc. No.

8  8-1 at 2–6.]  Indeed, it appears Plaintiff created these transcripts himself and there is no

9  certification that these are the official transcripts from the Superior Court of California.  As

10  these exhibits are not subject to judicial notice pursuant to Federal Rule of Evidence 201,

11  the Court does not consider them.  *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S.

12  308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as . . .

13  documents incorporated into the complaint by reference, and matters of which a court may

14  take judicial notice.").  The motion to strike is **GRANTED**.

15          **C.**      **Motion to File Supplemental Complaint**

16        Plaintiff seeks to file, pursuant to Fed. R. Civ. P. 15(d), a supplemental complaint

17  which makes the same challenges as his initial complaint albeit to a different judicial

18  hearing.  [Doc. No. 5 at 8–10 ("This conduct mirrors prior violations[.]").]  Courts have

19  broad discretion under Rule 15(d) to allow supplemental pleadings.  *Keith v. Volpe*, 858

20  F.2d 467, 473 (9th Cir. 1988).  Given that the supplemental complaint makes the same

21  futile challenges as the initial complaint, the Court **DENIES** the motion.  *See LaSalvia v.*

22  *United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986) ("The purpose of Rule 15(d)

23  is to promote as complete an adjudication of the dispute between the parties as is

24  possible.").

25  ///

26

27

28
---

[1] After seeking this extension, Plaintiff filed eight additional responses, nonetheless.  [Doc. Nos. 13, 16, 17–22.]

1

## IV.    CONCLUSION

2      The Court **GRANTS with prejudice** Defendants' motion to dismiss and **GRANTS**

3 the motion to strike.  The Court **DENIES** Plaintiff's motion for leave to file a supplemental

4 complaint and for an extension to respond to the order to show cause.  The Clerk of Court

5 shall close this case and reject any additional filings by Plaintiff.

6      It is **SO ORDERED**.

7    Dated:  December 1, 2025

8

      _____

      Hon. Cathy Ann Bencivengo

9      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:25-cv-2486-CAB-AHG