UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ANTHONY,<br><br>                              Plaintiff,<br><br>v.<br><br>TERRIE E. ROBERTS, et al.,<br><br>                              Defendants. | Case No.: 3:25-cv-2486-CAB-AHG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 27]** |

On December 10, 2025, Plaintiff filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). [Doc. No. 27.] Plaintiff seeks reconsideration of the Court's December 1, 2025 order, which, *inter alia*, dismissed Plaintiff's complaint with prejudice. [Doc. No. 25.]

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Plaintiff argues reconsideration is warranted because he claims he has submitted the official transcript of a September 29, 2025 state court hearing, which purportedly "demonstrates a monumental list of civil rights violations by [Judge] Terrie Roberts[.]" [*See* Doc. No. 27 at 3.]

To begin, it does not appear that Plaintiff has even filed the referenced official transcript with the Court. It makes no difference, however, because Plaintiff still fundamentally seeks "to have a federal district court improperly interfere with an ongoing state proceeding." [Doc. No. 25 at 4]; *see S. California Edison Co. v. Lynch*, 307 F.3d 794, 804 (9th Cir. 2002) ("[T]he *Rooker-Feldman* doctrine bars direct federal district court appellate review of state court judicial proceedings."). Moreover, Plaintiff's claim that the Court committed clear error consists of the same, rehashed arguments such as that Defendants lack judicial immunity, and that *Rooker-Feldman* does not apply. [*Compare* Doc. No. 21 at 4–6, *with* Doc. No. 27 at 4–5.] This is insufficient for a motion for reconsideration. *See Hardisty v. Moore*, No. 11-CV-01591-BAS BLM, 2015 WL 6393857, at *2 (S.D. Cal. Oct. 22, 2015) ("[A] Rule 59(e) motion does not give parties 'a second bite at the apple' or permit them to rehash previously rejected arguments.").

Plaintiff also argues that the Court should "reinstate" the state court hearing transcripts which were struck from his complaint because he purportedly has filed a certified version. [Doc. No. 27 at 5.] Again, Plaintiff has not filed any official transcripts with the Court. Regardless, those transcripts which the Court struck purportedly related to state court hearings on January 24, April 30, and June 25, 2025. [Doc. No. 1-3 at 2, 29, 52.] The official transcript which Plaintiff claims to have filed is for a September 29, 2025 state court hearing and is thus irrelevant. [Doc. No. 27 at 4.]

For the reasons above, the Court **DENIES** the motion for reconsideration.

It is **SO ORDERED**.

Dated: January 9, 2026

Hon. Cathy Ann Bencivengo
United States District Judge